880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald ALLEN, Plaintiff-Appellant,
v.
Dewey KYLES, Lt.; P. McAlinden; R. Looney; Emmett Baylor,
Defendants-Appellees.
 No. 88-2248.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and JAMES D. TODD, District Judge.*
 
 ORDER
 
 2
 Ronald Allen appeals the judgment of the district court dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Allen, a Michigan prisoner, brought suit alleging that his due process rights were violated by his being confined in his cell pending the investigation into whether he violated a prison rule. After the suit was dismissed as to three of the defendants, the case was submitted to a magistrate who recommended dismissing Allen's complaint. The district court adopted the magistrate's report and recommendation. Summary judgment was awarded to defendant Dewey Kyles.
 
 
 4
 On appeal, Allen argues that the district court's reliance on Shango v. Jurich, 608 F.Supp. 931, 938 (N.D.Ill.1985), is misplaced. Allen argues that the factual predicates upon which Shango is based are not fulfilled in this case.
 
 
 5
 Upon review, we find no error. Shango v. Jurich represents an application of Hewitt v. Helms, 459 U.S. 460 (1983) to the facts of that case.
 
 
 6
 Hewitt provides that only minimum due process protections are required when a prisoner is transferred to "non-punitive administrative segregation" as a security threat for investigation of misconduct. Allen received the process due him under the circumstances of this case.
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the magistrate's report and recommendation dated September 30, 1988, as adopted by the district court, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation